**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 9, 2020**

# In the Court of Appeals of Georgia

A20A1800. O'BRIEN v. THE STATE.

PER CURIAM.

Following a bench trial, David O'Brien was convicted of failing to register as a sex offender. He appeals from the denial of his motion for new trial, arguing that the evidence was insufficient to support his conviction. Because the trial transcript shows otherwise, we affirm.

O'Brien was convicted of statutory rape in 2003. He received a twenty-year sentence, to serve the first eight in confinement and the remainder on probation, and he was required to register as a sex offender upon his release from confinement. In 2015, O'Brien was charged with failing to register as a sex offender with the appropriate sheriff's office within 72 hours prior to his birthday that year, in violation

of OCGA § 42-1-12. That statute requires annual renewal of sex offender registration, as follows:

> Any sexual offender required to register under this Code section shall . . . [r]enew the required registration information with the sheriff of the county in which the sexual offender resides or sleeps by reporting in person to the sheriff within 72 hours prior to such offender's birthday each year to be photographed and fingerprinted[.]

OCGA § 42-1-12 (f) (4).[1]

Viewed in the light most favorable to the trial court's verdict,[2] the evidence presented at the bench trial shows that O'Brien moved to Gwinnett County after his release from prison. His birthday is March 1. In 2014, O'Brien reported to the Gwinnett County Sheriff's Office for his annual sexual offender registration on February 28. That day, he completed and signed a registration form acknowledging that he "must re-register with the Sheriff's office 72 hours prior to [his] birthday."

---

[1] See also OCGA § 42-1-12 (n) (3) (providing that "[a]ny individual who . . . fails to respond directly to the sheriff of the county where he or she resides or sleeps within 72 hours prior to such individual's birthday shall be guilty of a felony[.]").

[2] "On appeal from a bench trial resulting in a criminal conviction, we view all evidence in the light most favorable to the trial court's verdict[.]" *Bray v. State*, 330 Ga. App. 768, 771 (1) (768 SE2d 285) (2015) (punctuation omitted).

2

In 2015, O'Brien's birthday fell on a Sunday. The county's sexual offender registry office is closed on the weekends, but it has a policy that if an offender's birthday falls on a Saturday or Sunday, the offender may report for annual registration during the three business days preceding his birthday – i.e., on the Wednesday, Thursday, or Friday before the weekend. O'Brien did not re-register before his birthday in 2015. Instead, he reported to the office the following Wednesday, March 4.

O'Brien testified that he received notice of his legal obligation to report for annual registration within 72 hours before his birthday. He further stated that he had successfully met this obligation in previous years. With regard to 2015, O'Brien testified that he "had every intention to . . . register, to be in compliance with the law" and that he had arranged for a ride to the registry office the Friday before his birthday because he did not have a valid driver's license. He did not explain why he failed to report to the office that day, nor did he indicate that he tried to call or otherwise notify the office that he would not be there. He testified that the person who had agreed to give him a ride could not take him to the registry office on the Monday after his birthday, but his mother took him on Wednesday. Finally, O'Brien claimed that the

sheriff's office had never informed him of its policy of permitting re-registration on the three business days preceding a weekend birthday.

O'Brien's lawyer urged the trial court to find O'Brien not guilty because the registry office's business-day policy conflicted with OCGA § 42-1-12 and, in any event, O'Brien had never been told about the policy. The court, however, found that O'Brien was guilty of failing to register:

> The law is very clear that he was required to register no later than 72 hours prior to his birthday. In this case, his birthday was on a Sunday, meaning that he had to register by Saturday, and he could have also registered Friday or Thursday, and that the sheriff's department would have . . . allowed him to register on Wednesday, so he could have registered on Wednesday, Thursday, or Friday. He failed to register on any of those days. . . . [H]e did not try to register the first business day after the Sunday birthday, nor the second business day after the Sunday birthday, but it was the third business day after the Sunday birthday that he tried to register.

O'Brien filed a motion for new trial on the general grounds. The trial court denied the motion and subsequently granted O'Brien's request for an out-of-time appeal.

On appeal, O'Brien enumerates as error the insufficiency of the evidence to support his conviction. However, he does not dispute that he failed to report to the Gwinnett County Sheriff's Office to re-register as a sexual offender within 72 hours

4

prior to his birthday in 2015, as required by OCGA § 41-1-12 (f) (4). Instead, he argues, as he did before the trial court, that he was never informed of the county's business-day policy, which "does not itself comply with the law." O'Brien points out that an offender's birthday could fall on the day after a holiday weekend during which the registry office was closed for three consecutive days. Although county policy would allow registration during the three business days before the holiday weekend, an offender might not know about that policy – and even if he did, he would be registering before the beginning of OCGA § 41-1-12 (f) (4)'s 72-hour window and therefore failing to comply with the statute.[3]

Pretermitting whether the county policy may conflict with the statute in a hypothetical case, there is no evidence that any potential conflict prohibited O'Brien from satisfying the requirements of OCGA § 41-1-12 (f) (4) in this case. In 2015, O'Brien's birthday did not fall the day after a three-day holiday weekend. He could have reported to the office on the Thursday or Friday before his birthday – a circumstance he clearly recognized, as shown by his effort to arrange a ride on Friday.

---

[3] OCGA § 1-3-1 (d) (3)'s rules regarding the computation of time provide that when the period of time prescribed is less than seven days, intermediate Saturdays, Sundays, and legal holidays are excluded. But the statute expressly does not apply to periods of time measured in hours.

There was no evidence that he tried to report on Saturday, but was stymied by the office's weekend closure. Instead, he waited until the following Wednesday – three days *after* his birthday – to report to the registry office. The undisputed evidence shows that O'Brien violated OCGA § 41-1-12 (f) (4). We therefore affirm.

*Judgment affirmed. Division Per Curiam. All Judges concur.*